Township of Hagener et al., Appellees, v. Frances L. Meyer and Henry Hansmeier, Appellants.

Gen. No. 9,500.

Opinion filed October 25, 1946.
Released for publication November 20, 1946.

EPLER C. MILLS, of Virginia, for appellants.

C. G. COLBURN, of Virginia, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

Plaintiffs, the Township of Hagener and Russell Nordsiek, highway commissioner of that township, filed suit in the circuit court of Cass county seeking an injunction to prevent and restrain defendants Frances L. Meyer and Henry Hansmeier from interfering with the making of a preliminary survey for a proposed road, and to prevent and restrain the defendants from obstructing a public highway known as the Boulevard road.

Defendant Meyer is the owner of a forty-acre tract of land bounded on the south and on the east by public roads, and the one along the east is known as the

Boulevard road. Hansmeier occupies the farm as tenant. In 1943 a levee built by federal authorities obstructed the road to the south and for a time Mrs. Meyer permitted the public to travel through the barnyard of her farm to avoid the obstruction. In April 1945 Nordsiek, the highway commissioner, sought to acquire a strip of ground from Mrs. Meyer for a new road around the obstruction but they were unable to agree upon the precise location. A short time later Nordsiek sought to make a survey across Mrs. Meyer's land but was refused permission to do so. It also appears from the record that in the past Mrs. Meyer and her tenant encroached upon the Boulevard road with their crops but Nordsiek testified that he had ''opened up the grader ditch a year ago and it is still open and has been open for the last year.''

The circuit court of Cass county perpetually enjoined the defendants from interfering with the proposed survey and from obstructing the Boulevard road in any way. Defendants have appealed to this court.

Defendants argue that the Road and Bridge Act sets up a definite procedure to be followed by the highway commissioner in altering existing roads or laying out new ones. A petition must be filed with the commissioner by 12 voters in the town or road district and a notice of a hearing must be given and a hearing had on the petition. If a preliminary order is entered granting the prayer of the petition, the statute provides that ''the highway commissioners or county superintendent of highways, as the case may be, shall cause a survey and plat of such road to be made . . . '' Ill. Rev. Stat. 1945, ch. 121, pars. 81–85 [Jones Ill. Stats. Ann. 120.085–120.089]. It appears from the record that this statutory procedure was not followed. Nordsiek testified: ''I consulted all of the landowners through there and they have agreed to donate their tract of land, and there will be a petition fixed up as soon as we have permission to make the survey.'' This violation of the statutory mandate cannot be condoned.

If government is to operate in an orderly fashion, public officials must act and perform their duties in the manner prescribed by the legislature with a decent respect for the rights of the public and of private property.

Plaintiffs contend that an amendment to the Road and Bridge Act in 1945 authorizes the highway commissioner to make preliminary surveys before laying out a road. Ill. Rev. Stat. 1945, ch. 121, par. 23 [Jones Ill. Stats. Ann. 120.024]. That amendment provides: " . . . for the purpose of making preliminary surveys and determinations of the amount of such land to be taken the said Department of Public Works and Buildings or the said county, by its officers, agents or employees, after notice to the owner, may enter upon the lands . . . of any person. . . ." We believe that this amendment merely gives the highway commissioner authority to enter upon private property to make the preliminary survey provided for in sec. 78 (Ill. Rev. Stat. 1945, ch. 121, par. 85 [Jones Ill. Stats. Ann. 120.089]) before the land is taken but after the provisions of sec. 76 have been complied with. We do not believe the legislature intended to authorize the making of surveys before the public necessity for the proposed road was established at the hearing on the petition provided in sec. 76. Ill. Rev. Stat. 1945, ch. 121, par. 83 [Jones Ill. Stats. Ann. 120.087].

We believe Mrs. Meyer was within her rights, in refusing to permit plaintiffs to make the survey, nor does it appear that there is any present obstruction to the Boulevard road, or any present threat on the part of defendants to obstruct the road. In the absence of grave apprehension of injury, an injunction should not be granted. *Girard v. Lehigh Stone Co.*, 280 Ill. 479.

The circuit court of Cass county erred in issuing the injunctions here and its decree is reversed.

*Decree reversed.*