JOHN GRIFFIE, Petitioner-Appellee, *v.* ROBERT SPANSKI, Respondent-Appellant.

Fourth District   No. 15884

Opinion filed May 13, 1980.

Fred Prillaman, of Mohan, Alewelt & Prillaman, of Springfield, for appellant.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, of Havana, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal lies from a final order of the circuit court of Mason County vesting title to certain land in the town of Bath, county of Mason, pursuant to a petition for condemnation filed by the petitioner under the purported authority of section 6—801 of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121, par. 6—801). We reverse.

The factual matters are not essentially in dispute. Petitioner is the highway commissioner for the town of Bath. He desired to obtain about one acre of respondent's land for the purpose of straightening and aligning a township highway. The land in question is part of a larger tract maintained by respondent as a private nature preserve.

After petitioner had filed his petition to condemn, respondent filed a traverse which alleged that petitioner had not followed the procedures set forth in section 6—301 *et seq.* of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121, par. 6—301 *et seq.*). As a result, respondent alleged, petitioner had no authority to institute the proceedings and the court had no jurisdiction to hear the case. Respondent also questioned the necessity for the project.

Prior to the hearing on the traverse respondent served on petitioner as notice to produce at trial the following documents pursuant to various sections of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121) as indicated:

1. Petitioner's certificate describing the project (par. 6—303).

2. Petitioner's written notice and notice by publication of the preliminary hearing (par. 6—305).

3. Petitioner's memorandum signed and filed (par. 6—305).

4. Petitioner's preliminary decision or that of his predecessor in office (par. 6—306).

5. The survey and plat (par. 6—307).

6. Petitioner's written notice or notice by publication of the time and place for final hearing (par. 6—311).

7. The final order of petitioner or his predecessor filed with the district clerk (par. 6—311).

At the hearing on the traverse petitioner stated that the documents did not exist and were not required since the provisions of section 6—801 (Ill. Rev. Stat. 1977, ch. 121, par. 6—801) were independent of any provision of section 6—301 *et seq.* (Ill. Rev. Stat. 1977, ch. 121, par. 6—301 *et seq.*) and that his power under section 6—801 was in no wise limited by section 6—301 *et seq.* After hearing arguments the trial court held that section 6—301 was not the exclusive method by which township roads could be widened, vacated or laid out. It then proceeded to a hearing on the traverse and motion to dismiss at which both sides presented

evidence. Such evidence related principally to the necessity for condemnation and to the existence of prior negotiations.

At the conclusion of petitioner's evidence respondent renewed his traverse and motion to dismiss and it was denied; a similar procedure occurred at the conclusion of all of the evidence. After reconsideration the trial court arrived at the same conclusion and again denied the traverse and motion to dismiss. Thereupon, the parties waived jury trial and reached an agreed settlement as to just compensation. The trial court then entered its final order vesting title in petitioner. That order made the necessary findings that the petitioner had the authority to exercise the right of eminent domain, that the property was subject to the exercise of that right, and that a reasonable necessity for the taking existed. The order fixed the agreed-upon just compensation and specifically found that "petitioner has followed the proper condemnation procedure in this proceeding."

The provisions of section 6—301 *et seq.* of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121, par. 6—301 *et seq.*) prescribing the manner of altering, vacating or laying out of township and district roads may be summarized as follows:

1. Any number of voters not less than 12 in number may file a petition with the highway commissioner praying for the laying out, widening, altering, or vacation of a road. In lieu of a petition, the highway commissioner may file a certificate with the district clerk and county clerk to vacate roads. Such petition or certificate shall set forth a description of the road and what part is to be widened, altered, or vacated, and if for a new road the names of the property owners over which the road is to pass, and the point at or near where it is to terminate. The procedure upon filing a certificate shall be the same as the procedure followed upon the filing of a petition. Ill. Rev. Stat. 1977, ch. 121, par. 6—303.

2. After receiving such petition or filing such certificate, the highway commissioner shall fix the time and place where he will examine the route of such township road and hear reasons for or against the laying out, widening, altering, or vacating. He shall give at least 10 days' written notice of the time and place of such examination and hearing to the superintendent of highways and by publication in at least one newspaper published in the township, or in the absence of such newspaper, by positing notices in 5 of the most public places in the district. At such meeting the commissioner shall decide and publicly announce whether he will grant or refuse the prayer of the petition and shall endorse upon or annex to the petition a brief memorandum of such decision. The memorandum shall be signed by the commissioner and filed within

5 days thereafter in the office of the district clerk. No road shall be laid out, widened, altered or vacated unless the highway commissioner finds that such alternation or vacation is in the public and economic interest. Such findings shall be contained in the memorandum of decision signed by the commissioner. Ill. Rev. Stat. 1977, ch. 121, par. 6—305.

3. If a preliminary order favorable to the petition or the certificate is entered, the commissioner shall cause a survey and plat of such township and district road to be made by a competent surveyor giving the courses and distances and specifying the land over which such road is to pass. Ill. Rev. Stat. 1977, ch. 121, par. 6—307.

4. The commissioner shall take proceedings to fix damages which will be sustained by the landowners as a result of the proposed action. Ill. Rev. Stat. 1977, ch. 121, par. 6—308.

5. If the parties are unable to agree as to damages, the highway commissioner may enter condemnation proceedings to procure such land. Ill. Rev. Stat. 1977, ch. 121, par. 6—309.

6. Within 20 days after damages have been agreed upon or ascertained, the highway commissioner shall hold a public hearing at which he shall hear and consider reasons for or against the proposed laying out, widening, alteration or vacation of such road and at which time and place he shall publicly announce his final decision relative thereto. Notice of this hearing shall be in the same manner as that set forth in step 2. Within 5 days of such hearing, the highway commissioner shall determine the advisability of such proposed laying out, widening, alteration or vacation of such road and shall make an order for the same and thereafter file such final order in the office of the district clerk. Ill. Rev. Stat. 1977, ch. 121, par. 6—311.

7. After such order, qualified persons adversely affected may appeal to the county superintendent by filing notice of appeal within 10 days of the decision in the office of the district clerk. The superintendent shall then hold a public hearing to finally determine the issue. Judicial review may be pursued after such final order of the superintendent. Ill. Rev. Stat. 1977, ch. 121, par. 6—312.

The power of eminent domain is conferred on the petitioner by section 6—801 of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121, par. 6—801), which reads as follows:

"The highway commissioner may acquire any lands, rights or other property necessary for the construction, maintenance or operation of any township or district road or necessary for the locating, relocating, widening, altering, extending or straightening

thereof, by purchase or gift or, if the compensation or damages cannot be agreed upon, by the exercise of the right of eminent domain under the eminent domain laws of this State. The highway commissioner shall not be required to furnish bond in any eminent domain proceeding."

The precise question presented by this appeal is whether the provisions of section 6—801 are subject to the provisions of section 6—301 *et seq.* as outlined above. In other words, must a highway commissioner go through the process described in section 6—301 *et seq.* before he can maintain an action in eminent domain under the power granted in section 6—801? The petitioner says not and claims that the grant of eminent domain power is in addition to, and not dependent upon, the procedures laid out in section 6—301 *et seq.* We do not agree.

Township government today is probably the last bastion of pure democracy in an otherwise bureaucratized republic. It is the direct descendant of the idealized state envisioned by the ancient philosophers where every man could speak his piece and be afforded a hearing by his peers. This is the underlying import of section 6—303 whereby 12 legal voters by simple petition, unengauded with studies made by select committees, may request their government to take action regarding their roads. The government, in the person of the highway commissioner, may propose action, but it is subject to the will of its constitutents through the provisions for notice and public hearing. No township road can be laid out, widened, altered or vacated until the people have had an opportunity to be heard.

Petitioner cites no authority for his position other than the general argument that no Illinois case has held the procedures under section 6—301 *et seq.* to be a condition precedent to bringing an eminent domain action under section 6—801. Respondent cites a variety of cases in which a condemning body is required to take preliminary steps before bringing the action.

We believe that a line of authority exists in this State which requires action under section 6—301 *et seq.* before the eminent domain action will lie.

In *Trainer v. Lawrence* (1890), 36 Ill. App. 90, highway commissioners had failed to file certificates and to make surveys under the statutory predecessors of sections 6—303, 6—305, and 6—307. They contended that these sections were not mandatory. The court stated in rejecting their claim:

"Nor can we adopt the views expressed by counsel for plaintiffs in error, touching the character and construction to be given said sections 36 and 41. We hold the making of the survey and plat of

the road, as required by Sec. 36, to be a preliminary act necessary to be performed before the damages to the land owner can be lawfully assessed and fixed by a jury, and it is the purpose of the law that the jury should have the survey and plat of the road, and thus be furnished with necessary and accurate information of its exact location, so that when they go upon and examine the land to be taken for the road, they can intelligently and fairly determine and assess the damages. * * *

We are also of the opinion that, as a necessary precedent to the taking of the land of defendant in error for public use, by establishing a public road upon it, the commissioners *within ten days* from July 21, 1888, should have presented to the justice of the peace the certificate as required by Sec. 41, and failing to do so within the time prescribed, they lost their jurisdiction and could not legally proceed further in the matter of establishing the road in question. * * * 'These provisions must be regarded as in the nature of conditions precedent, which must not only be complied with before the right of the property owner is disturbed, but the party claiming authority under the adverse proceeding must affirmatively show such compliance.' " 36 Ill. App. 90, 91-92.

In other cases, courts have concluded that a township commissioner does not have authority to act except in the precise manner described by the statute. In *Posey v. Commissioners of Highways* (1916), 274 Ill. 30, 113 N.E. 136, a highway had been established for public use and public right by prescription. Later, the highway commissioner sought to relocate the boundaries of the highway so as to encroach upon a landowner's property without going through the petition-hearing procedure. In reversing an injunction in favor of the commissioners, the supreme court stated:

"The road being thus established it could not be changed except in some manner provided by law. Neither the commissioners of highways nor anyone else have a right to alter, widen, vacate or lay out roads through the lands of others except in the manner provided by law, upon a petition of land owners and upon a hearing by the commissioners in the manner provided by the Road and Bridge law. The action of the commissioners of highways in this case amounted to an alteration of the road in controversy, which they had no right or authority to do in the manner they did." 274 Ill. 30, 34, 113 N.E. 136, 138.

In *Township of Hagener v. Meyer* (1946), 329 Ill. App. 508, 69 N.E.2d 516, this court refused to allow a highway commissioner to make a preliminary survey before the petition-hearing procedure had been initiated. The court stated:

"This violation of the statutory mandate cannot be condoned. If government is to operate in an orderly fashion, public officials must act and perform their duties in the manner prescribed by the legislature with a decent respect for the rights of the public and of private property.

* * * We do not believe the legislature intended to authorize the making of surveys before the public necessity for the proposed road was established at the hearing on the petition provided in sec. 76. [Citations.]" 329 Ill. App. 508, 509-10, 69 N.E.2d 516, 517-18.

These cases make clear that a highway commissioner must follow precisely the statutory mandates in his actions. While the power of eminent domain is set forth in section 6—801 of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121, par. 6—801) as part of division 8 of the Code, and thus is physically separated from the earlier sections which we have been discussing, nevertheless, it also appears in section 6—309 as part of division 3 of the Code and as an integral part of section 6—301 *et seq.* These latter sections serve as a logical and fundamental basis for determining necessity at a public hearing and for determining exactly what and how much land is involved. Eminent domain, being one of the awesome powers of government, must always be exercised with circumspection and the public hearing affords an opportunity for all those affected to have an open dialogue concerning the matter.

We hold that a township highway commissioner may not exercise the power of eminent domain, either under section 6—801 or under section 6—309, until he has complied with the requirements of section 6—301 *et seq.*

Respondent has raised the question of the necessity of the taking, but since we have determined that the order of the trial court was in error, we need not address this issue. If the petitioner commences a new action under section 6—301 *et seq.*, necessity will be in issue there.

The order of the circuit court of Mason County is reversed.

Reversed.

GREEN and TRAPP, JJ., concur.